IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| BILLY RICKS JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 620-032 |
| ) | |
| ALLEN DILLS, Warden, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter is currently before the Court on Respondent's motion to dismiss the petition as untimely. (Doc. no. 18.)  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

**I.     BACKGROUND**

Following his conviction for burglary at a jury trial in Emanuel County Superior Court, the trial court sentenced Petitioner on January 12, 2012, to twenty years in prison. (Doc. no. 1, pp. 1-2.)  The Georgia Court of Appeals affirmed the conviction on May 7, 2014.  Ricks v. State, 758 S.E.2d 624, 629 (Ga. Ct. App. 2014).  Petitioner did not further challenge his burglary conviction until he filed a state habeas corpus petition on February 13, 2018. (Doc. no. 19-1.)  In an order filed June 27, 2019, the state habeas court denied the petition, and the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to

appeal on February 10, 2020. (Doc. nos. 19-3, 19-4, 19-5, 19-6.) Petitioner executed his federal habeas corpus petition on February 24, 2020, and the Clerk of Court filed it on February 28, 2020. (Doc. no. 1, pp. 1, 17.)

Respondent moves to dismiss the federal petition as time-barred under 28 U.S.C. § 2244(d). (See doc. no. 18.) By Respondent's calculation, Petitioner filed his federal petition nearly four years too late. (Doc. no. 18-1, p. 4.) Petitioner acknowledges his judgment of conviction became final more than one year ago, but he blames the untimeliness on the state courts and/or trial counsel failing to inform him about the federal statute of limitations. (See generally doc. nos. 24, 25.)

## II.    DISCUSSION

### A.    The Petition Should Be Dismissed as Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from United States Supreme Court becomes final at "'expiration of the time for seeking such review" - when the time for pursuing direct review in this Court, or in state court, expires'"); Stubbs v. Hall, 840 S.E.2d 407, 412 (Ga. 2020) (interpreting Georgia habeas corpus law in accordance with Gonzalez, *supra*, to conclude judgment of conviction is final when Supreme Court affirms conviction on merits or denies certiorari, "or when the time for pursuing the next step in the direct appellate review process expires without that step having been taken").

Accordingly, for a Georgia defendant who has his or her conviction affirmed on direct appeal by the Court of Appeals but does not petition for certiorari to the Georgia Supreme Court, the conviction becomes final when the twenty days to petition for certiorari expires without filing such a petition. Stubbs, 840 S.E.2d at 413 (citing Ga. Sup. Ct. R. 38(2)). This is so because the United States Supreme Court does not allow filing for a writ of certiorari unless a judgment "has been entered by a state court of last resort." Id. (citing U.S. Sup. Ct. R. 13.1). As Petitioner did not seek a writ of certiorari from Georgia's Supreme Court, his conviction became final twenty days after the Court of Appeals affirmed his conviction on May 7, 2014. See id. at 414-15.

Petitioner had one year from the date his conviction became final, the end of May 2014, to file his federal habeas corpus petition or take other action to toll the one-year limitations period. The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of

3

limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). However, upon the conclusion of his direct appeal in May of 2014, Petitioner did not file for any post-conviction relief or other collateral review until he filed for state habeas corpus relief in February of 2018, nearly four years after his conviction became final. Therefore, the one-year limitations period for filing a federal petition had already expired by the time he filed for relief in the state courts in 2018, meaning that no time period remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). Thus, the instant petition filed in February 2020 is untimely.

### B. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred

Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any statutory sections of AEDPA set forth above. Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and

4

is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 394-95.

Here, Petitioner has not shown extraordinary circumstances stood in his way and prevented him from timely filing his federal petition, or a miscarriage of justice will occur if his claims are not considered. Petitioner argues he was not informed during his state

5

proceedings about the federal post-conviction avenue for relief, but ignorance of the law is not an extraordinary circumstance justifying equitable tolling. The Eleventh Circuit does not accept "a lack of legal education and related confusion or ignorance about the law as [an] excuse[] for a failure to file in a timely fashion. As with any litigant, *pro se* litigants 'are deemed to know of the one-year statute of limitations.'" Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (*per curiam*) (internal citations omitted); see also Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) (rejecting ignorance of law, inefficiencies, or inconveniences as qualifying as extraordinary circumstances).

Moreover, Petitioner cannot satisfy the requisite additional prong of showing he pursued his rights diligently. See Holland, 560 U.S. at 649. Petitioner's reliance on state cases for the proposition his federal statute of limitations should be tolled misses the mark. By virtue of O.C.G.A. § 9-14-42 and 28 U.S.C. § 2244(d), Petitioner has both a state and federal forum to seek post-conviction relief, but each forum is governed by its own set of rules. See Tinker v. Moore, 255 F.3d 1331, 1334 (11th Cir. 2001). The requirements cited by Petitioner, requiring a defendant in Georgia to be informed of state appellate rights, do not apply to the pursuit of post-conviction relief in federal court.

Eleventh Circuit precedent is clear a petitioner in federal court seeking to invoke equitable tolling must explain "any independent efforts he made to determine when the relevant limitations period began to run." Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (citation omitted); Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005) (finding no basis for equitable tolling "especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline"). Petitioner does not argue, let alone provide any factual detail to support a finding, he made any efforts to determine when his federal statute

of limitations began to run.  In sum, Petitioner has not satisfied the "strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence."  Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (*per curiam*).

Nor has Petitioner presented any evidence - much less new, reliable evidence - to show he did not commit the burglary of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt.  Indeed, Petitioner's requested relief seeks to "be tried over" so that legal errors he believes were committed can be corrected, or to be granted a "lesser sentence ran concurrent."  (Doc. no. 1, p. 17.)  He presents no new evidence and appears to rely only a different legal approach to the evidence already presented at trial.

For these reasons, neither equitable tolling nor the fundamental miscarriage of justice exception saves the untimely petition from dismissal.

### III.     LEAVE TO APPEAL *IN FORMA PAUPERIS*

The Court should deny Petitioner leave to appeal *in forma pauperis* ("IFP") and a Certificate of Appealability ("COA").  An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).  Thus, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and the Court should **DENY** Petitioner leave to appeal IFP.  See 28 U.S.C. § 1915(a)(3).

Further, a prisoner seeking relief under § 2254 must obtain a COA before appealing the denial of his application for a writ of habeas corpus.  The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) to the Rules Governing Section 2254 Proceedings.  The Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  For the reasons set forth above in § II supra, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing.  Accordingly, the Court should **DENY** a COA in this case.[1]

### IV.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED** (doc. no. 18), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.  The Court further **RECOMMENDS** Petitioner be **DENIED** leave to appeal IFP and a COA.

SO REPORTED and RECOMMENDED this 6th day of October, 2020, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a) to the Rules Governing Section 2254 Proceedings.